```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :    CRIMINAL ACTION
                               :    NO. 03-553-1
        v.                     :
                               :    CIVIL ACTION
STEPHEN IANIERI                :    NO. 14-2318
```

MEMORANDUM

Bartle, J.                                          June 26, 2014

      Defendant Stephen Ianieri has filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.

      In 2004, Ianieri pleaded guilty to three counts of bank fraud in violation of 18 U.S.C. § 1344.  The court sentenced him to 15 months in prison and ordered him to pay $20,000 in restitution.  A term of five years of supervised release was also imposed.

      On December 2, 2009, in the last year of his supervised release, Ianieri's probation officer filed a petition alleging numerous violations of his supervised release, the most serious of which was an arrest in New Jersey for illegally possessing two rifles loaded with hollow point bullets.  At a December 7, 2009 hearing, the court held in abeyance any decision with respect to the New Jersey state charges since they were still pending.  By agreement of the parties, the court modified the conditions of his supervised release and placed him on home confinement for three months with electronic monitoring although he was permitted

to work and obtain mental health treatment.  The hearing was otherwise continued until the New Jersey state gun charges were resolved.

In May 2010, the probation officer filed an amended petition setting forth two additional violations involving stalking, theft by unlawful taking, and harassment in Otisville, Pennsylvania and for failure to continue his participation in mental health treatment.  Per agreement of the parties, the court approved modified conditions of supervised release and again continued the hearing concerning the open New Jersey charges.

On July 4, 2010, Ianieri's supervised release expired.  On October 10, 2010, Ianieri was charged in Bucks County, Pennsylvania with theft by deception, receiving stolen property, and other offenses.

On March 9, 2011, Ianieri was found guilty by a jury in Hunterdon County, New Jersey of illegally possessing firearms and hollow point ammunition and was sentenced in July to five years in prison.  On December 5, 2011, this court held a hearing on the December 2, 2009 petition filed by his probation officer concerning the New Jersey offenses now that he had been found guilty and sentenced.  A question arose as to what effect any revocation of supervised release would have on programs that might be available to him in the New Jersey prison system.  The hearing was continued so that the parties could obtain more information for the court on this subject.  The court was also interested in what was happening with respect to the Bucks County

charges as they might also have an effect on his situation in New Jersey.

The court held a final revocation hearing on February 27, 2012. At that time, the court learned that Ianieri would have to serve his full five year sentence in New Jersey. The court was also informed that he had been convicted of theft by deception and receiving stolen property in Bucks County and received a sentence which was concurrent with his New Jersey sentence. The court was advised that he would be eligible for drug and alcohol treatment in New Jersey regardless of whether this court imposed a consecutive or concurrent term of imprisonment for the violation of his supervised release.

At the hearing, the court imposed a below the guidelines sentence of 18 months to run consecutively to the sentence of imprisonment that he was already serving in New Jersey. Before sentencing, the court commented he had violated his supervised release not only because of his New Jersey crimes but also because of his Bucks County offenses. These latter offenses had occurred after his supervised release had expired.

Ianieri appealed. The Court of Appeals concluded that the Bucks County crimes should not have been considered as constituting any part of his supervised release violation. While the Court recognized that this court could have relied on the Bucks County crimes as a factor under 18 U.S.C. § 3553(a) when sentencing Ianieri, this court did not explicitly say it was doing so. The Court of Appeals reversed and remanded for

resentencing without this court's considering the Bucks County crimes as a violation of supervised release.  <u>U.S. v. Ianieri</u>, 534 F. App'x 124 (3d cir. 2013).

On remand, the court held a hearing on October 28, 2013 and sentenced Ianieri to 12 months in prison to run consecutively to his New Jersey sentence.  Ianieri appealed but pursuant to a motion by his counsel, the Court of Appeals dismissed the appeal on March 28, 2014.  This pro se § 2255 motion followed.

Ianieri claims that his counsel was ineffective in representing him with respect to his violation of supervised release concerning his New Jersey crimes.  Under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), he must establish:  (1) that his "counsel's performance was deficient," that is, that it fell below "an objective standard of reasonableness"; and (2) that "the deficient performance prejudiced him."  <u>Id.</u> at 687-88.  In order to show prejudice, Ianieri must demonstrate a "reasonable probability that but for counsel's unprofessional error, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  <u>Id.</u> at 694.  The Supreme Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential."  <u>Id.</u> at 689.

Ianieri first argues that by the time of the December 5, 2011 hearing the court had already adjudicated the violation of his supervised release concerning his New Jersey crimes and that his counsel was ineffective for not calling this

-4-

to the court's attention so that it would not impose any further sentence for this specific violation. Ianieri is simply wrong on the facts. The court had held in abeyance any adjudication of this violation pending the outcome of his New Jersey case. Moreover, there would have been no reason for the Court of Appeals to remand for resentencing had the violation been resolved before February 2012.

Ianieri also argues that his counsel was ineffective for not arguing for a sentence of one year and one day so that he would have received a 15% credit for good time. See 18 U.S.C. § 3624. This argument is without merit. Regardless of any possible deficiency of his counsel, there was no prejudice. The court, after considering the various relevant factors, would still have imposed this same one year term of incarceration which, we note, was below the recommended guideline sentence.

Accordingly, the motion of Stephen Ianieri under 28 U.S.C. § 2255 is being denied, and no certificate of appealability will issue.